MILLS, Judge.
T.W.G., a juvenile, appeals an order of adjudication and commitment for trespass and petit theft. We affirm.
T.W.G. contends that the trial court erred when it denied his motions for judgment of acquittal because the evidence was not inconsistent with any reasonable hypothesis of innocence. We disagree.
The State showed that T.W.G. was parked in his truck in a wooded lot adjacent to the Jack Rabbit Express truck terminal on the night gasoline was stolen from a truck inside the terminal. The State also showed that T.W.G. smelled of gasoline, that the gasoline cap was removed from his truck, and that there were two gasoline cans and a hose in or near his truck. There was only one set of tire tracks leading into the wooded lot.
T.W.G. testified that he and a friend had driven into the wooded lot to drink beer, but, when they were ready to leave, his truck would not start so he took a can of his own gasoline and poured it into the tank of his truck shortly before the police arrived. But that explanation is patently unreasonable in light of the unexplained can of gasoline near his truck and an apparent *944 attempt to hide the truck with tree branches.
The fact that the State could not directly prove that the gasoline taken from the truck inside the terminal was that found in or near T.W.G.’s truck is not fatal to the State’s case. With fungible quantities, identity can often only be inferred from the circumstances.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.